```
            IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

THE ESTATE OF LYNN BRIGGS,     *
STEVE K. BROYLES, PERSONAL     *
REPRESENTATIVE                 *
                               *
v.                             *      Civil Action WMN-11-2664
                               *
DEPARTMENT OF SAFETY AND       *
CORRECTIONAL SERVICES          *
DIVISION OF CORRECTIONS        *
                               *

     *    *    *    *    *    *    *    *    *    *    *
```

**MEMORANDUM**

This case arises from the suicide of inmate Lynn Briggs (decedent), who was incarcerated at the Maryland Correctional Institute for Women at the time of her death.  The Plaintiff, The Estate of Lynn Briggs, brought an action in the Circuit Court for Anne Arundel County against the Defendant, the Department of Public Safety and Correctional Services, the entity that operates the Maryland Correctional Institute for Women, alleging four counts: (I) negligence, (II) intentional infliction of emotional distress, (III) violation of the Maryland Declaration of Rights, and (IV) violation of decedent's federal Constitutional rights.

Defendant removed this case to federal court on September 16, 2011, ECF No. 1, and this Court denied Plaintiff's Motion to Remand, asserting the Court's original jurisdiction over the

Plaintiff's federal law claim, ECF No. 15.  Subsequently, Defendant filed a Motion to Dismiss or in the Alternative, Motion for Summary Judgment, ECF No. 16.  In Plaintiff's opposition to that motion, filed on January 19, 2012, Plaintiff voluntarily withdrew counts (II), (III), and (IV), leaving only the state negligence claim for this Court's adjudication.  See ECF No. 19.  Though neither party has petitioned the Court for a remand, the Court will exercise its discretion sua sponte to remand this case to state court.

In accord with 28 USC § 1367(a), district courts may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution" as the federal claim over which they have original jurisdiction.  Notwithstanding, 28 USC § 1367(c) states that district courts may decline to exercise supplemental jurisdiction over a claim under § 1367(a) if (1) the claim raises a novel or complex issue of state law; (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction; (3) the district court has dismissed all claims over which it has original jurisdiction; or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Although this Court has discretion to retain jurisdiction over the Plaintiff's state law negligence claim under § 1367,

both the plain text of § 1367(c) as well as precedent on this issue indicate that the Court should exercise its discretion to decline jurisdiction.  The text of § 1367(c)(3) plainly states that a district court may decline to exercise supplemental jurisdiction over a state law claim if "the district court has dismissed all claims over which it has original jurisdiction." As the sole federal claim supporting the district court's original jurisdiction was voluntarily dismissed by the Plaintiff, § 1367(c)(3) alone is likely sufficient authority to support the Court's decision to decline continued jurisdiction over this case.

More influentially, precedent strongly urges this Court to decline to exercise supplemental jurisdiction.  See Arrington v. City of Raleigh, 369 Fed. Appx. 420, 423 (4th Cir. 2010) (holding that district court should have declined to exercise supplemental jurisdiction over remaining state law claims after Plaintiff had voluntarily withdrawn her federal claims); Waybright v. Frederick County, MD, 528 F.3d 199, 209 (4th Cir. 2008) (holding that district court properly remanded case after the federal claims over which the court had original jurisdiction were dismissed at the summary judgment stage).

Furthermore, the Supreme Court has dictated that "a federal court should consider and weigh in each case, and at every stage of the litigation, the value of judicial economy, convenience,

3

fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988).[1]

In contemplating the factors for retaining jurisdiction articulated in Carnegie-Mellon, the facts of this case dictate that it be remanded to state court.  This case is in its very early stages of litigation and the discovery process has yet to begin. Consequently, and because this Court has invested little time in adjudicating this case to date, judicial economy will not be compromised if the case is remanded.  Furthermore, this Court has failed to identify any issues of unfairness to either party upon this case's remand.  Finally, the resolution of this case requires an inquiry into state law standards for negligence with regard to state prisoner care and safety.  Inquiring into the duties owed to prisoners by the state prison system is a task better left to state courts.

In light of these considerations, this Court echoes the Fourth Circuit's sentiment in Waybright: "With all its federal questions gone, there may be the authority to keep [this case]

---

[1] This Court acknowledges that Carnegie-Mellon was decided before the doctrine of supplemental jurisdiction was codified in 28 USC § 1367. Nevertheless, the principles inherent in supplemental jurisdiction as expressed by Carnegie-Mellon continue to inform the proper interpretation of § 1367(c). See Hinson v. Norwest Financial South Carolina, Inc., 239 F.3d 611,616 (4th Cir. 2001).

in federal court under 28 U.S.C. §§ 1367(a) and 1441(c) (2000), but there is no good reason to do so." 528 F.3d at 209. As such, the Court will remand the case to state court. A separate order will issue.

                                                                   /s/
                                      William M. Nickerson
                                      Senior United States District Judge

DATED: March 27, 2012